Ham,, Judge.
 

 The rule for a new trial seems to have been obtained on the ground that evidence ought not to have been received of the contents of the judgment and executions, unless their absence Imd been better accounted for. it appeared that McNeill, the real Plaintiff in the judgment, and the Justice of the Peace who rendered the judgment and issued the executions, had both removed from the state, and that ordinary diligence had been used in searching for the papers. I therefore think With the Judge below, that it was proper to receive evidence of their contents.
 

 It appears that the deed from the Constable, who sold the. negro in dispute, to the Plaintiff, was objected
 
 to
 
 as evidence by Defendant’s counsel, because it iiad not been registered in the county where the Plaintiff lived, but only in the county where the sale took place. This objection is sustained by the case of
 
 Palmer
 
 v.
 
 Popleston,
 
 decided in this Court, (1
 
 Hawks
 
 397) there, as in this case, a bill of sale made by the Sheriff, was registered in the county where the sale was made, but not in the county where, the vendee lived $ it was held there, and we must so decide here, that as the deed was not registered in the county where
 
 the
 
 vendee lived, as required by the act of 1792,
 
 (Rev. ch.
 
 363,) there must he a new trial, and the rule for that purpose he made absolute,
 

 Pkií ciiRiAif.- — Judgment reversed and new trial.